UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBINSON,

          Plaintiff,

v.

NICOLE TANSEL,

          Defendant.
_____/

Case No. 2:16-cv-10135
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MARCH 6, 2017 REQUEST (DE 29)

**I.    Opinion**

    **A.    Background**

On January 14, 2016, while incarcerated at the MDOC's Woodland Center Correctional Facility (WCC), Michael Robinson filed the instant lawsuit *in pro per* against Nicole Tansel, who is described as a WCC activity therapist. (DE 1.) Plaintiff is proceeding *in forma pauperis*. (DEs 6, 7.)

Plaintiff was paroled on or about August 2, 2016.[1] He currently resides in Mississippi.[2]

---

[1] *See* www.michigan.gov/corrections, "Offender Search.

[2] On August 19, 2016, he informed the Court that his address had changed to Yazoo City, MS. (DE 21.) Thereafter, I entered a report recommending that the Court deny Defendant's June 27, 2016 motion for summary judgment. (DEs 17,

**B.     Plaintiff's requests**

This case has been referred to me for pretrial matters. (DE 10.) Currently before the Court are two matters: **(1)** Plaintiff's January 9, 2017 motion for summary judgment (DE 26), regarding which Defendant has filed a response (DE 27) and Plaintiff has filed a reply (DE 30); and, **(2)** Plaintiff's March 6, 2017 request (DE 29), regarding which Defendant has filed a response (DE 31).

Here, the Court will address Plaintiff's request, construing it as a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37.

**C.     Standard**

The Federal Rules of Civil Procedure that govern disclosures and discovery are set forth in Rules 26 through 37. Pursuant to Rule 37, a party may file a motion to compel a deposition. *See*, *i.e.*, Fed. R. Civ. P. 37(a)(3)(C), (b)(1), (d)(1)(A)(i). Also, a party may file a motion to compel production of requested documents. The Rule provides that "an evasive or incomplete disclosure, answer,

---

22.) However, the copy of this report mailed to Plaintiff at the Yazoo City, MS address was returned to the Court as undeliverable. (DE 23.) On October 21, 2016, Judge Steeh entered an order accepting my report and recommendation and denying Defendant's motion for summary judgment. (DE 24.) On February 7, 2017, Plaintiff informed the Court that his address changed to 2935 Highway 51, Canton, MS 39046, which appears to be the address of the Madison County Jail. (DE 28; http://www.whitepages.com/business/madison-county-jail-canton-ms-2.) This is consistent with Defendant's representation that Plaintiff "is now incarcerated in Mississippi awaiting prosecution and/or trial for crimes committed in Mississippi." (DE 31 at 2 ¶ 2.)

or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Generally, any motion to compel filed under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery. . . ." Fed. R. Civ. P. 37(a)(1).

### D. Discussion

Plaintiff's requests are premature. First, Plaintiff seeks to compel the deposition of the MDOC official(s) in charge of Defendant Tansel's records. Even if Plaintiff does not need leave to take the deposition of a non-party records custodian, "[t]he deponent's attendance may be compelled by subpoena under Rule 45." Fed. Rules Civ. P. 30(a)(1), 31(a)(1). If he seeks to depose a non-party, and if leave is not required under Rule 30(a)(2) or Rule 31(a)(2), then Plaintiff should proceed under Fed. R. Civ. P. 45.

Second, Plaintiff seeks the production of documents. Defendant responds with several objections. (*See* DE 31 ¶ 3.) Nonetheless, to the extent Plaintiff seeks the production of documents concerning Defendant Tinsel, it is not clear whether he has first attempted to obtain such documents from her by service of a request of production of documents as contemplated by Fed. R. Civ. P. 34(a),(b)(1), after which Defendant would be required to respond and/or object in accordance with Fed. R. Civ. P. 34(b)(2). Plaintiff cannot successfully move for an order

3

compelling documents from Defendant Tinsel when he did not first seek this information through Rule 34 and afford Defendant the time allowed for responding. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv), Fed. R. Civ. P. 34(b)(2).

If Plaintiff seeks to these documents from non-party MDOC, the MDOC is not currently before the Court, and the Court cannot direct the Michigan Department of Attorney General to act on behalf of this non-party. Instead, Plaintiff has to proceed under Fed. R. Civ. P. 45, which provides in relevant part: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who *requests* it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3) (emphasis added). In other words, no motion is required for a subpoena to issue.

Third, Plaintiff does not argue that he needs either the requested deposition or the requested documents to prosecute a pending motion for summary judgment. *See* Fed. R. Civ. P. 56(e). The Court has denied Defendant Tinsel's previously filed motion for summary judgment, and briefing on Plaintiff's motion for summary judgment has closed. (DEs 17, 24; DEs 26, 27 and 30.) Moreover, Plaintiff's reply is dated approximately five days before the instant request.[3]

Fourth, while Plaintiff's motion omits express discussion of who should bear the costs and expenses for his discovery requests, it implies that the costs should

---

[3] Although filed in reverse order, Plaintiff's reply is hand-dated February 24, 2017, filed effective February 28, 2017 but not entered on the docket until March 8, 2017. (DE 30.) Plaintiff's instant request is hand-dated March 1, 2017, was filed effective March 6, 2017, and entered on the docket on March 7, 2017. (DE 29.)

not necessarily be borne by him.  Defendant Tansel responds that Plaintiff should bear such costs in accordance with the applicable court rules.  (See DE 31 ¶¶ 6-7; *see also* DE 31 ¶¶ 4-5.)  However, to the extent Plaintiff was expecting someone else to bear the expense of the deposition or the document requests, he does not make the argument that the Court or Defendant should do so.  *See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) ("there is no constitutional requirement to waive costs of transcripts, expert witness fees, and fees to secure depositions.") (negative treatment on other grounds).

Finally, Plaintiff requests "an answer to all numbered claims (admit or deny), stated in [his] complaint."  (DE 29 at 3 ¶ 12.)  Defendant responds that she was not required to do so.  (*See* DE 31 ¶¶ 8-10.)  Here, where Plaintiff brought this 42 U.S.C. § 1983 lawsuit while confined at WCC, Defendant Tansel is permitted to waive the right to reply, and this Court has not required her to do otherwise.  *See* 42 U.S.C. § 1997e(g) ("Waiver of reply").

## II.   Order

Accordingly, Plaintiff's March 6, 2017 request (DE 29) is **DENIED WITHOUT PREJUDICE** as premature.  Should Plaintiff refile either his request to compel a deposition or his request to compel the production of documents, he is reminded that he must comply with Fed. Rules Civ. P. 26-27 and Fed. R. Civ. P. 45 in doing so.

**IT IS SO ORDERED.**

Dated: March 28, 2017	s/Anthony P. Patti
	Anthony P. Patti
	UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 28, 2017, electronically and/or by U.S. Mail.

	s/Michael Williams
	Case Manager for the
	Honorable Anthony P. Patti