UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBINSON (#515217),

    Plaintiff,

v.

Case No. 2:16-CV-10135
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

NICOLE TANSEL (YOCKEY),

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART DEFENDANT'S MOTION FOR DISMISSAL AND COSTS PURSUANT TO FED. R. CIV. P. 41(b) (DE 41)

**I. RECOMMENDATION**: The Court should **GRANT** Defendant's June 23, 2017 motion without prejudice, to the extent it seeks dismissal pursuant to Fed. R. Civ. P. 41(b), and should **DENY** the motion as premature, to the extent it seeks costs.

**II. REPORT:**

    **A. Background**

On January 14, 2016, while incarcerated at the Michigan Department of Corrections (MDOC) **Woodland Center Correctional Facility (WCC)**, Plaintiff Michael Robinson filed the instant, verified lawsuit *in pro per* against Nicole

1

Tansel (Yockey), who is described as a WCC Activity Therapist. (DE 1; *see also* DEs 15, 16.) As alleged in the complaint, Defendant issued Plaintiff a fabricated misconduct citation for threatening behavior, in retaliation for engaging in protected conduct, and violated Plaintiff's rights under the First, Eighth and Fourteenth Amendments. (DE 1 at 7 ¶ 35.) Among other forms of relief, Plaintiff seeks compensatory damages, punitive damages, and an award of costs. (DE 1 at 8.)

### B. Motion Practice and Plaintiff's Various Addresses of Record

During March 2016, Plaintiff informed the Court that his address had changed from WCC to the **Gus Harrison Correctional Facility (ARF)**. (DE 9.) Plaintiff was paroled on August 2, 2016.[1] On August 19, 2016, he informed the Court that his address had changed to 154 Roosevelt Hudson Dr., Yazoo City, MS, which appears to be the address of **Yazoo County Correctional Facility (YCCF)**. (DE 21; http://www.mdoc.ms.gov/Institutions/Pages/Regional-Facilities.aspx#Yazoo.) Thereafter, I issued a report recommending that the Court deny Defendant's June 27, 2016 motion for summary judgment. (DEs 17, 22.)

---

[1] *See* www.michigan.gov/corrections, "Offender Search." Plaintiff is also a party to *Robinson v. Beauvias*, Case No. 4:15-cv-14345-TGB-MKM (E.D. Mich.) (concerning events which allegedly occurred at Macomb Correctional Facility (MRF)), and *Robinson v. DeAngelo, et al.*, Case No. 2:16-cv-10264-DML-SDD (E.D. Mich.) (against WCC defendants concerning alleged events of December 2016 / January 2016) (judgment entered February 24, 2017).

*However, the copy of this report mailed to Plaintiff at the YCCF address was returned to the Court as undeliverable.* (DE 23.)

On October 21, 2016, Judge Steeh entered an order accepting my report and recommendation and denying Defendant's motion for summary judgment. (DE 24.) A copy of this order was served upon Plaintiff at the YCCF address. In January 2017, Plaintiff filed a motion for summary judgment and listed YCCF as his return address. (DE 26.) On February 7, 2017, Plaintiff informed the Court that his address changed to 2935 Highway 51, Canton, MS 39046, which appears to be the address of the **Madison County Jail**. (DE 28; http://www.whitepages.com/business/madison-county-jail-canton-ms-2.)[2]

On March 28, 2017, the Court entered an opinion and order denying without prejudice Plaintiff's March 6, 2017 request, which was construed as a Fed. R. Civ. P. 37 motion to compel discovery. (DEs 29, 32.) This order was served upon Plaintiff at the Madison County Jail. By way of a notice post-marked April 3, 2017 and filed April 6, 2017, Plaintiff informed the Court that his address had changed to 824 Jackson Ave., Yazoo City, MS 39194, which seems to be **a private address**. (DE 33; www.whitepages.com.) *Thereafter, on April 12, 2017, the*

---

[2] This is consistent with Defendant's representation that Plaintiff "is now incarcerated in Mississippi awaiting prosecution and/or trial for crimes committed in Mississippi." (DE 31 at 2 ¶ 2.)

*Court was informed that the copy of its March 28, 2017 order mailed to 2935 Highway 51, Canton, MS 39046 was returned as undeliverable.* (DEs 32, 34.)

On April 19, 2017, Defendant filed a motion to conduct Plaintiff's deposition. (DE 35.) Within the week, I entered an order granting the motion. (DE 36.) A copy of this order was mailed to Plaintiff at 824 Jackson Ave., Yazoo City, MS 39194. On May 11, 2017, Judge Steeh entered an order accepting my report and recommendation to deny Plaintiff's motion for summary judgment. (DEs 37, 40.) A copy of this order was mailed to Plaintiff at 824 Jackson Ave., Yazoo City, MS 39194.

### C. Instant Motion

Judge Steeh has referred this case to me for pretrial matters. (DE 10.) Currently before the Court is Defendant's June 23, 2017 motion for dismissal and costs pursuant to Fed. R. Civ. P. 41(b). (DE 41.) Specifically, Defendant seeks dismissal from this action *with prejudice* and an award of costs and attorney's fees "for having to defend this action to date." (DE 41 at 5.)

On July 18, 2017, I entered an order setting the deadline for Plaintiff's response for August 17, 2017. (DE 42.) A copy of this order was mailed to Plaintiff at 824 Jackson Ave., Yazoo City, MS 39194, and there is no indication on the docket that it was returned as undeliverable. To date, no response has been

filed. Thus, briefing on the instant motion has closed, and it is ready for review by the Court.

### D. Fed. R. Civ. P. 41(b)

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629-32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citations omitted). Although none of the factors is "'outcome dispositive,

. . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### E. Discussion

In this matter, the factors weigh against Plaintiff. First, Plaintiff has, on four occasions, informed the Court of his change in address/contact information. (DEs 9, 21, 28, 33.) Therefore, the Court assumes that the address Plaintiff supplied on April 6, 2017 (DE 33) and the address to which the scheduling order (DE 42) was sent – 824 Jackson Ave. - is Plaintiff's current address. If it is not, then the Court assumes Plaintiff's failure to update the Court and, in turn, his failure to respond to the pending motion, is due to "willfulness, bad faith, or fault[.]" *Schafer*, 529 F.3d at 737. As at least one court has stated, "[i]t is incumbent upon any litigant, including a *pro se* litigant, to keep the Court informed of his or her current address." *Kosher v. Butler Cty. Jail*, No. 1:12-CV-51, 2012 WL 4808546, at *1 (S.D. Ohio Sept. 4, 2012), *report and recommendation adopted*, No. C-1-12-51, 2012 WL 4808473 (S.D. Ohio Oct. 10, 2012). "Without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute." *Kosher*, 2012 WL 4808546, at *2. In other words, "[p]roviding the court with valid contact information is a responsibility of every plaintiff, and failure to abide by this basic requirement can constitute grounds for

Rule 41(b) dismissal." *Jackson v. Covenant Transp.*, No. 3:09-CV-00614, 2011 WL 4755457, at *2 (M.D. Tenn. Oct. 7, 2011), *report and recommendation adopted*, No. CIV. 3:09-0614, 2011 WL 5859515 (M.D. Tenn. Nov. 22, 2011) (citing *White v. City of Grand Rapids,* 34 Fed. App'x 210, 211 (6th Cir. May 7, 2002)).

Second, Defendant has represented that "[s]ince April, 2017, Defense Counsel has received no information as to Plaintiff's current whereabouts[,]" and, as such, "Defendant is unable to even schedule Plaintiff's deposition." As noted above, the Court granted Defendant's motion to take Plaintiff's deposition (DEs 35, 36.) Clearly, Defendant will be prejudiced in her ability to defend this case if she is unable to take Plaintiff's deposition. *See*, *e.g.*, Fed. R. Civ. P. 30(a) ("When a Deposition May Be Taken.").

Third, by way of the Clerk of the Court's January 22, 2016 notice, Plaintiff was informed of his responsibility to notify the Court of an address change. (DE 2.) Among other things, this notice provided that "[f]ailure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case." (DE 2 (emphasis in original).) Thus, Plaintiff "was warned that failure to cooperate could lead to dismissal[.]" *Schafer*, 529 F.3d at 737.

Fourth, while it is true that "less drastic sanctions" were not "imposed or considered before dismissal was ordered[,]" *Schafer*, 529 F.3d at 737, this case remains at a standstill. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Defendant's motion to dismiss remains unopposed, despite the scheduling order sent to his address of record. (DE 42.) There is no indication that the Court's July 18, 2017 scheduling order was undeliverable, and Plaintiff has not filed a response. Therefore, the Court is left with the distinct impression that Plaintiff has lost interest in this particular case and does not believe that providing Plaintiff with another opportunity to respond to the pending motion to dismiss - or, alternatively, ordering Plaintiff to show cause why his case should not be dismissed - would yield a different result.

For the foregoing reasons, and because a party's failure to keep the Court apprised of his address / contact information can inform a dismissal for failure to prosecute, I recommend that this case be dismissed, albeit *without prejudice*. *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (dismissal of civil rights complaint without prejudice for want of prosecution was not an abuse of discretion where Plaintiff "failed to keep the district court apprised of his current address."); *Jackson*, 2011 WL 4755457, at *2 (recommending dismissal without prejudice where Plaintiff was proceeding *pro se* and Defendant "ha[d] not asserted

that her failure to prosecute has been willful or in bad faith[.]"). If and when the Court accepts this recommendation, Defendant may pursue its request for an award of costs and attorney's fees if permitted by the Federal Rules of Civil Procedure, such as Fed. R. Civ. P. 54(d) ("Costs; Attorney's Fees."), and/or other statutory authority, such as 42 U.S.C. § 1988 ("Proceedings in vindication of civil rights").

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 13, 2017

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on September 13, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti